Filed 5/31/13  P. v. Saechao CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>PAUL SAECHAO,<br><br>　　　　Defendant and Appellant. | A137512<br><br>(Alameda County<br>Super. Ct. No. 169769C) |

After entering a plea of no contest to home invasion robbery as well as admitting one prior serious or violent felony, defendant was sentenced, consistent with a plea agreement, to an aggregate term of 17 years in state prison.  He applied for, but was denied a certificate of probable cause.  Defendant's counsel has raised no issues and asks this court to examine the record to determine if it reveals any issues that deserve further briefing.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon review of the record for potential error, we conclude no arguable issues are presented for review and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On June 27, 2012, defendant and three cohorts forced entry into the home of an elderly couple.  The elderly couple along with a third individual were taken to a rear bedroom and ordered to open a safe.  One of the victims was hit in the head for being

---

[1] Because defendant entered a plea of no contest and waived preliminary hearing, we take the facts from the probation officer's report.

unable to open it. When all three victims could not open the safe, they were locked in a closet and a dresser was placed in front of the door. As defendant and his cohorts attempted to forcibly open the safe, neighbors heard the commotion and notified police. When the police arrived, defendant along with the others fled the home. Defendant was found hiding in the rear shed of a neighbor's residence.

A criminal complaint was filed on June 29, 2012, charging defendant with three counts of home invasion robbery (Pen. Code,[2] §§ 211/212, subd. (a); counts one, two and three), two counts of first degree burglary (§§ 459/460, subd. (a); counts four and eight), and three counts of false imprisonment by violence (§ 236; counts five, six and seven). The complaint alleged a number of enhancements including each crime in counts one through four was a serious felony. (§ 1192.7, subd. (c).) It further alleged defendant suffered two prior serious or violent felony convictions. (§§ 667, subd. (a)(1), 667.5, subd. (c), & 1170.12, subd. (c)(1).)

On August 24, 2012, pursuant to a negotiated disposition, defendant pleaded no contest to count one, home invasion robbery, and admitted one prior serious or violent felony. In exchange for defendant's plea and admission, he was promised a 17-year sentence in state prison and dismissal of all other counts, alleged priors, and enhancements. After the court explained the agreed upon disposition, defendant stated he agreed to the terms of the agreement. In addition to the waiver of rights form initialed and signed by defendant, the court also explained the consequences of defendant's plea and accepted his waiver of rights. The court found there was a factual basis for the plea and certified the case to the superior court for judgment and sentencing.

On September 24, 2012, the court sentenced defendant to the middle term of 6 years on the home invasion robbery count, doubled to 12 years under the "Two Strikes" provision. (§ 667, subd. (e)(1).)[3] Defendant's sentence was executed on November 16, 2012, at which time the court sentenced defendant in accord with the negotiated

---

[2] All statutory references are to the Penal Code.

[3] It appears the court inadvertently failed to impose a consecutive sentence of five years pursuant to section 667, subdivision (a)(1).

2

disposition to the middle term of 6 years on the home invasion robbery, doubled to 12 years pursuant to the two strikes provisions, plus 5 years consecutive (§ 667, subd. (a)(1)), for a total sentence of 17 years in state prison. The court further imposed various fees and fines. Defendant was awarded 164 days of presentence custody credits.

## DISCUSSION

On January 3, 2013, defendant sought the issuance of a certificate of probable cause. That request was denied by the superior court on March 18, 2013. Under the mandate of section 1237.5, and because a certificate of probable cause was denied by the trial court, the only conceivable issues on appeal are sentencing issues and any denial of a section 1538.5 motion. Defendant did not file a 1538.5 motion. Nor is sentencing an issue because as already noted, the sentence specifically contemplated by the plea agreement was verbally agreed to by defendant in open court.

Further, defendant, prior to the entry of his plea, signed and initialed a waiver of rights form and was thoroughly and accurately advised by the court of his rights and the consequences of his plea which he freely and voluntarily waived. We find nothing in the record to indicate that defendant lacked competence or understanding to enter the plea.

Defendant was ably represented by counsel throughout the proceedings.

In sum, we have reviewed the record on appeal and find no issues requiring further briefing. The judgment is affirmed.

3

_____

Margulies, Acting P.J.

We concur:

_____

Banke, J.

_____

Sepulveda, J.*

---

* Retired Associate Justice of the Court of Appeal, First Appellate District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.